NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODRIGO LUNA MARTINEZ, | No. 22-996 |
| Petitioner, | Agency No. A201-241-356 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Rodrigo Luna Martinez petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal from an immigration judge's (IJ) denial of

his applications for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA agreed with the IJ's reasoning, we review both decisions. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We review questions of law de novo and factual findings for substantial evidence. *Id.* We deny the petition for review.

1. Substantial evidence supports the BIA and IJ's holding that Luna Martinez is not eligible for asylum or withholding of removal because he does not have a well-founded fear of persecution. Although the IJ found, and the BIA agreed, that Luna Martinez had "a subjectively genuine and objectively reasonable fear" of persecution in Puebla, Mexico, his family's hometown, they also found that Luna Martinez could avoid persecution by safely relocating to another part of the country and that it would be reasonable to expect him to do so. *See* 8 C.F.R. § 1208.13(b)(2)(ii) (asylum); 8 C.F.R. § 1208.16(b)(2) (withholding of removal); *Singh v. Whitaker*, 914 F.3d 654, 659–60 (9th Cir. 2019).

The country conditions reports in the record support this finding. And though Luna Martinez's communication, anxiety, and attention disorders may make it difficult for him to navigate daily life without the help of his family, his many years as an effective Herbalife salesman, his ability to maintain a job in construction, and the fact that Spanish is his first language, all support the BIA and IJ's conclusion that he could reasonably be expected to independently establish

himself outside of Puebla. *See* 8 C.F.R. § 1208.13(b)(3)(iii) (where persecutor is a private actor, presumption is that internal relocation is reasonable unless applicant establishes otherwise by a preponderance of the evidence).

2. Substantial evidence also supports the BIA and IJ's holding that Luna Martinez is not eligible for CAT relief because he failed to establish that it is more likely than not that he will be tortured after removal to Mexico. The country conditions reports submitted by Luna Martinez indicate that there are parts of Mexico that are relatively safe. As discussed above, substantial evidence supports the BIA and IJ's conclusion that Luna Martinez could reasonably be expected to relocate to one such place. *See* 8 C.F.R. § 1208.16(c)(3)(ii) (evidence of ability to relocate is relevant to assessing whether it is more likely than not that petitioner will be tortured after removal).

**PETITION DENIED.**